```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
BRYAN HAISS,                                     :
                    Plaintiff,                   :     ORDER ADOPTING
                                                 :     REPORT AND
v.                                               :     RECOMMENDATION
                                                 :
COMMISSIONER OF SOCIAL SECURITY,                 :     17 CV 8083 (VB)
                    Defendant.                   :
--------------------------------------------------------------x
```

Briccetti, J.:

  Before the Court is Magistrate Judge Lisa Margaret Smith's Report and Recommendation (the "R&R"), dated May 15, 2019 (Doc. #24), regarding the parties' motions for judgment on the pleadings pursuant to Rule 12(c) (Docs. ##17, 20).  Magistrate Judge Smith recommended the Court grant plaintiff's motion, deny the cross-motion of the Commissioner of Social Security (the "Commissioner"), and remand this case to the Social Security Administration (the "Agency") for further proceedings consistent with the R&R.

  The Commissioner filed timely objections to the R&R.  (Doc. #27).  Plaintiff did not submit a response or any further submission.

  For the following reasons, the Court OVERRULES the Commissioner's objections and adopts the R&R.  Accordingly, plaintiff's motion is GRANTED and the Commissioner's motion is DENIED.  This case is REMANDED for further administrative proceedings consistent with the R&R, pursuant to 42 U.S.C. § 405(g), sentence four.

  The Court recites only the factual and procedural background necessary to resolve the Commissioner's objections.

## BACKGROUND

  Plaintiff, an applicant for disability insurance benefits, received an administrative hearing before an administrative law judge ("ALJ") on his application on November 6, 2015.  The issue

1

at the hearing was whether plaintiff was considered disabled under the Social Security Act. To decide whether plaintiff was disabled, the ALJ had to determine plaintiff's residual functional capacity ("RFC"), which the ALJ defined as "his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments." (Doc. #10 ("AR") at 18–19).[1]

In determining plaintiff's RFC, the ALJ reviewed objective medical evidence and several opinions that addressed plaintiff's ability to do work on a sustained basis. Among those opinions was that of Dr. Bruni, the state medical consultant, who completed a Mental Residual Functional Capacity ("MRFC") worksheet upon which the ALJ relied in making his RFC determination.

The ALJ concluded Dr. Bruni had diagnosed plaintiff with affective and anxiety disorder and "indicated that [plaintiff] would have moderate limitations in maintaining social functioning, with mild limitations in maintaining concentration, persistence or pace and in activities of daily living." (AR at 28). Moreover, the ALJ stated, "Dr. Bruni opined that [plaintiff] would be moderately limited in his ability to work in coordination with or in proximity to others without being distracted by them, interacting with the general public, and complete a normal workday and workweek without interruptions from psychologically based symptoms." (Id.). The ALJ gave "great weight" to Dr. Bruni's opinion because it paralleled the medical record as a whole, as well as the records of a treating source. (Id.).

The ALJ found plaintiff "has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he can frequently flex, extend and rotate the neck and can occasionally stoop and can frequently reach in all direction[s] with the dominant left upper extremity. Further, he can understand, remember and carry out simple work and adapt to routine

---

[1] "Doc. #10 at __" refers to the page numbers in the bottom-right corner of Doc. #10.

workplace changes." (AR at 21). Despite, as noted above, giving "great weight" to Dr. Bruni's opinion, the ALJ did not include Dr. Bruni's conclusions in the RFC.

Further, at the November 6, 2015, hearing, the ALJ asked a vocational expert a series of questions regarding what type of work plaintiff would be able to perform. As plaintiff's RFC did not include Dr. Bruni's conclusions regarding plaintiff's limitations, those limitations were not included in the hypothetical questions posed to the vocational expert. Thus, Magistrate Judge Smith found the hypothetical questions did not reflect the full extent of plaintiff's capabilities—or that the ALJ had failed to articulate his reasons for rejecting Dr. Bruni's conclusions—and recommended the Court remand this case to the Agency for further proceedings.

## DISCUSSION

I. Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted within fourteen days after being served with a copy of the recommended disposition, Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1), or within seventeen days if the parties are served by mail. See Fed. R. Civ. P. 6(d). When a party submits a timely objection to a report and recommendation, the district court reviews those parts of the report and recommendation objected to under a de novo standard of review. 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(3). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. See Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). The clearly erroneous standard also applies

3

when a party makes only conclusory or general objections, or simply reiterates his original arguments. See Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

II. Objections

The Commissioner argues (i) Magistrate Judge Smith misinterpreted Dr. Bruni's MRFC worksheet and that Dr. Bruni did not conclude that plaintiff's RFC should include moderate limitations in social functioning, and (ii) the ALJ's failure to include Dr. Bruni's conclusions in the hypothetical questions posed to the vocational expert was harmless error.

The Court disagrees. Indeed, the Court has reviewed Magistrate Judge Smith's thorough and well-reasoned R&R and finds no error, clear or otherwise.

"The district court's review of the Commissioner's decision regarding disability is limited to a determination of whether the decision is supported by substantial evidence in the record as a whole." Veino v. Barnhart, 312 F.3d 578, 586 (2d Cir. 2002).[2] "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. "The Court carefully considers the whole record, examining evidence from both sides because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Tejada v. Apfel, 167 F.3d 770, 774 (2d Cir. 1999). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [the Court] will not substitute [its] judgment for that of the Commissioner." Veino v. Barnhart, 312 F.3d at 586.

---

[2] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

A. MRFC Worksheet

Magistrate Judge Smith did not misinterpret the MRFC worksheet completed by Dr. Bruni. Rather, Magistrate Judge Smith correctly reasoned that the ALJ's decision was contradictory because the ALJ assigned Dr. Bruni's opinion "great weight" (AR at 28), but failed to include Dr. Bruni's conclusions in his final RFC determination. The record supports Magistrate Judge Smith's reasoning: the ALJ explicitly stated Dr. Bruni had concluded, among other things, that P had moderate limitations in maintaining social functioning, gave Dr. Bruni's opinion "great weight," and then inexplicably failed to include Dr. Bruni's conclusions in plaintiff's RFC. (AR at 28).

It is possible the ALJ did not include Dr. Bruni's conclusions in the RFC precisely for the reasons stated in the Commissioner's objections, but the ALJ failed to say so in his decision. Thus, as Magistrate Judge Smith reasoned, if "the ALJ chose to reject Dr. Bruni's limitations, the ALJ, on remand, should fully articulate his reasons for doing so." (R&R at 23).

Accordingly, the Court rejects the Commissioner's argument that Magistrate Judge Smith misinterpreted the MRFC worksheet completed by Dr. Bruni.

B. Hypothetical Questions

The Court also rejects the Commissioner's assertion that the ALJ's failure to incorporate Dr. Bruni's conclusions into the hypothetical questions posed to the vocational expert was harmless error.

"[A]n ALJ's failure to incorporate non-exertional limitations in a hypothetical (that is otherwise supported by evidence in the record) is harmless error if (1) medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, and the challenged hypothetical is limited to

5

include only unskilled work; or (2) the hypothetical otherwise implicitly accounted for a claimant's limitations in concentration, persistence, and pace." McIntyre v. Colvin, 758 F.3d 146, 152 (2d Cir. 2014).

Here, the Commissioner argues, "Dr. Bruni's opinion, as well as other evidence," supports the ALJ's finding that despite some social limitations, plaintiff was able to relate and respond to others in a socially adequate manner and could perform work consistent with the RFC as the ALJ had defined it. (Doc. #27 at 6). Magistrate Judge Smith rejected this argument, holding substantial evidence did not exist "to support the ALJ's alleged decision to reject Dr. Bruni's limitations." (R&R at 23). The Commissioner fails to indicate specifically how the R&R erred in this respect. Moreover, the Court sees no errors in Magistrate Judge Smith's conclusion.

Accordingly, the Court rejects the Commissioner's argument that the ALJ's failure to incorporate Dr. Bruni's conclusions into the hypothetical questions posed to the vocational expert was harmless error.

## CONCLUSION

The Commissioner's objections are OVERRULED, and the R&R is adopted in its entirety as the opinion of the Court.

Plaintiff's motion for judgment on the pleadings is GRANTED.

The Commissioner's motion for judgment on the pleadings is DENIED.

The case is REMANDED for further administrative proceedings consistent with the R&R, pursuant to 42 U.S.C. § 405(g), sentence four.

The Clerk is instructed to terminate the motions (Docs. ##17, 20), enter Judgment accordingly, and close this case.

Dated: November 4, 2019
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge