UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
BRYAN HAISS,                                            :
                        Plaintiff,                     :
                                                       :          **ORDER AWARDING**
                                                       :          **ATTORNEY'S FEES**
v.                                                     :
                                                       :          17 CV 8083 (VB)
COMMISSIONER OF SOCIAL SECURITY,      :
                        Defendant.                     :
--------------------------------------------------------------x

Before the Court is plaintiff's counsel's motion for attorney's fees pursuant to 42 U.S.C.

§ 406(b)(1)(A).  (Doc. #38).  Counsel requests an award of $22,218, representing 25% of the

total of past-due benefits to which plaintiff was found to be entitled.

On October 5, 2017, plaintiff retained Christopher J. Bowes, Esq., to represent him in this

matter.  Plaintiff and counsel entered into a retainer agreement, whereby plaintiff agreed to pay

an attorney's fee, contingent upon success of the representation, equal to 25% of the past-due

benefits that would be obtained as a result of the representation.  After counsel litigated the case

before this Court and on remand before the Social Security Administration ("SSA"), the SSA

determined that the amount of past-due benefits to which plaintiff was entitled was $88,872, of

which 25% is $22,218.  Counsel is seeking a fee award in that amount.  His time records show he

spent 42.9 hours working on the case, which means that if awarded the amount requested,

counsel's effective hourly rate would be $517.90.

Section 406(b)(1)(A) provides that the Court may allow a reasonable attorney's fee for

services performed not to exceed 25% of the total past-due benefits awarded, payable out of that

award.  See Gisbrecht v. Barnhart, 535 U.S. 789 (2002).  Here, the fee request does not exceed

the 25% ceiling set by statute.  Moreover, the request is reasonable, for the following reasons: (i)

there is no reason to question the terms of the retainer agreement itself; (ii) notwithstanding the

risk of non-payment, counsel provided quality legal services to plaintiff resulting in an award of

1

the full amount of past-due benefits sought; (iii) the number of hours worked on the matter reflects an efficient expenditure of counsel's time and effort; (iv) plaintiff's counsel has extensive experience litigating Social Security cases at the administrative level and in district court; and (v) the resultant hourly rate is consistent with hourly rates in matters of this kind approved by courts in this Circuit.  Moreover, given the amount of time spent on the case, an attorney's fee of $22,218 is hardly a windfall.

Accordingly, the motion for attorney's fees is GRANTED, and the Court awards plaintiff's counsel a reasonable attorney's fee in the amount of $22,218.  The Social Security Administration is directed to pay that amount to Christopher J. Bowes, Esq., out of plaintiff's past-due Social Security benefits award.  Because plaintiff is entitled to a credit of attorney's fees previously awarded pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), plaintiff's counsel is directed to remit to plaintiff whatever amount of EAJA fees counsel receives.

The Clerk is instructed to terminate the motion.  (Doc. #38).

Dated:  July 15, 2020
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

2